IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVE KUSABA,<br><br>        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY,<br><br>        Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00284-BSJ-CMR<br><br>Judge Bruce S. Jenkins<br><br>Magistrate Judge Cecilia M. Romero |

### I.    BACKGROUND

Pro se Plaintiff Steve Kusaba (Mr. Kusaba or Plaintiff), proceeding *in forma pauperis*, filed this action against Defendant Salt Lake City (Defendant) (ECF 5). Mr. Kusaba filed his Complaint with the court on April 25, 2022 (ECF 2), and it was filed on the docket on May 4, 2022 (ECF 5), after the court granted his motion to proceed *in forma pauperis* (ECF 4). The court, after reviewing the Complaint, ordered Mr. Kusaba to file an Amended Complaint (ECF 7). Mr. Kusaba complied with the order and filed his Amended Complaint (ECF 9). For the reasons set forth below, the court RECOMMNEDS that the Amended Complaint be dismissed as the Amended Complaint fails to meet the 12(b)(6) standard.

### II.    LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to

1

dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Mr. Kusaba proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

### III. DISCUSSION

**A. Plaintiff's Complaint again fails to meet the standard under Rule 12(b)(6).**

Although Mr. Kusaba complied with the court's last order regarding Rule 8, and more concretely addressing jurisdiction, Mr. Kusaba still fails to meet the Rule 12(b)(6) standards. Mr. Kusaba alleges that his Sixth and Fourteenth Amendment rights were violated because he was not able to confront his accusers and he was denied access to the courts after receiving a parking citation (ECF 10 at 1). Indeed, Mr. Kusaba's Amended Complaint includes an attachment detailing his citation which states that the Salt Lake City Parking Civil Unit told Mr. Kusaba that he had the "right to go to small claims court" if he disagreed with the citation.[1]

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). "Confrontation means more than being allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Central to the Clause's purpose is "secur[ing] for the opponent the opportunity of cross-examination." *Van Arsdall*, 475 U.S. at 678, (emphasis omitted) (quoting *Davis*, 415 U.S. at 315–16) (internal quotation marks omitted). The right of confrontation through cross-examination is not absolute, however. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion

---

[1] Mr. Kusaba attached and presumptively requests that the court take judicial notice of the citation and details of the citation in dispute (ECF 10-1). The court finds that this document directly relates to the case at hand and therefore grants Mr. Kussaba his request. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted). Thus, consideration of this document in resolving whether this complaint fails to state a claim for relief under section 1915 is appropriate. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment" (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 679.

Here, Mr. Kusaba does not allege he was part of a criminal proceeding, and even if he alleged this were a criminal proceeding and the Confrontation Clause attached to this parking citation, Mr. Kusaba has failed to make any other allegations as to how his right to confront his accusers was violated. In fact, Mr. Kusaba was informed of his right to file this case in small claims court if he disagreed with the decision.

"The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *See Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir.1995). The Supreme Court has recognized that due process rights regarding court access claims in the civil context may be implicated when a judicial proceeding is the only available remedy. *See Boddie v. Connecticut*, 401 U.S. 371, 375–76 (1971).

Here, again, Mr. Kusaba does not allege court access is the only recourse he had and given the citation detail attached to the Amended Complaint, it is not plausible he can make such an allegation. As the first exhibit to the Amended Complaint shows, Mr. Kusaba was informed he could take this case to small courts claim, not that he had no other recourse. In fact, it seems like Mr. Kusaba did have a process available to him to challenge this violation.

Taking this into consideration, and without any further allegations, the court is unable to discern how exactly Mr. Kusaba meets the 12(b)(6) standard as he fails to plead a plausible claim. For these reasons, Mr. Kusaba fails to sufficiently state a claim in his complaint.

**RECOMMENDATION**

Accordingly, the court RECOMMENDS that Mr. Kusaba's Complaint be DISMISSED.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 May 2023.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah